The Honorable Marsha J Pechman

FILED ___ ENTERED
___ LODGED ___ RECEIVED

JUN 2 5 2001 MR
CC: TO JUDGE MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LA CONNER ASSOCIATES, L.L.C., a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ERON BERG; DAN O'DONNELL, MARY LAM; JOAN CROSS, and JOHN STEPHENS, as individuals,<br><br>Defendants. | No. C 01-0225-P<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS (FRCP 12(b)(6))<br><br>Date    June_29, 2001<br><br>Courtroom of Judge Marsha Pechman |

COMES NOW THE PLAINTIFF, by and through its counsel of record, Craig D. Magnusson of OLES MORRISON RINKER & BAKER, and hereby responds to and opposes Defendants' Motion to Dismiss individual defendants on the basis of their claimed absolute immunity afforded to legislators.

## I.    INTRODUCTION

The individual Defendants have acted in their role under color of state law as both the Mayor (Defendants Berg and O'Donnell) and members of the Town Council (all individual Defendants) of the Town of LaConner. As set forth in Plaintiff's Complaint, the individual Defendants have acted individually and collectively to deprive Plaintiff of its Constitutional rights concerning the use of real property

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE (206) 623-3427
FAX (206) 682-6234

CV 01-00225 #00000015

located within the Town of LaConner and under the jurisdiction of the town of LaConner.

As a 12(b)(6) Motion to Dismiss, Defendants argue that all of their acts were legislative in nature and therefore they are entitled to the "absolute immunity" which is afforded to legislators conducting legislative acts

Plaintiff denies that the acts performed by the Defendants were legislative in nature and asserts that many or all of the acts as they apply to Plaintiff were non-legislative. Defendants are not entitled to absolute immunity for non-legislative acts, and their Motion to Dismiss collectively must be denied.

## II. STATEMENT OF FACTS

The facts supporting Plaintiff's opposition to Defendants' Motion to Dismiss are set forth in Plaintiff's Complaint and the concurrently filed Declaration of Vaughn Jolley, Managing Member of Plaintiff LaConner Associates, L.L.C.

Of most significance is the undisputed fact that all of the acts complained of relate to only two (2) adjacent parcels of land, surrounded by differently zoned parcels which were not included in the acts (Complaint, ¶¶ 12, 15, 20, 22, 30, 36; Declaration of V. Jolley).

The disputed DNR lease and the new Town of LaConner application for a shorelines substantial development permit (activities which have occurred subsequent to Defendants' Answer to the Complaint) relate to the immediately adjacent tidelands area under lease to Plaintiff and therefore affect the same parcels.

Effectively, all of the acts complained of include, but are not limited to the enactment of a new statute concerning zoning only for a small, single area located south of downtown LaConner.

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS - 2

F \CLIENTS\09584\0002\P-CDM RESPONSE MOTION DISMISS doc

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE (206) 623-3427
FAX (206) 682-6234

## III. LAW AND ARGUMENT

Individual defendants are not immune for acts that are administrative or executive in nature. *Trevino v. Gates*, 23 F.3d 1480, 1482 (9th Cir. 1994) Council members and mayors cannot simply hide behind a "vote" and the nature of the act and its application must be reviewed to determine if the act or acts are "protected" as legislative in nature.

The burden of proof to establish absolute immunity with respect to legislative acts is on the individual(s) asserting the absolute immunity. In *Trevino, supra*, Los Angeles city council members argued absolute immunity in response to a plaintiff who claimed that the council members violated her civil rights by encouraging the police to routinely use excessive force. In support of her allegations, the plaintiff pointed to specific acts of the council members concerning the payment of punitive damage awards as evidence of policy making decisions The Ninth Circuit upheld the District Court, allowing the claim to proceed and found that determinations by the city council members that were of limited application are non-legislative in nature and that such decisions are made on a case-by-case basis. With respect to the burden of proof, the Ninth Circuit ruled:

> The burden of proof in establishing absolute immunity is on the individual asserting it. '[O]fficials seeking absolute immunity must show that such immunity is justified for the government function at issue.' *Hafer v. Melo*, U.S. 112 S.Ct. 358, 363, (1991) citing *Burns v. Reed*, 500 US 478, 111 S Ct. (*Trevino* at 1482)

In *Trevino*, the court discussed how court's may differentiate between "executive" and "legislative" acts. Relying on *Bateson v Geisse*, 857 F.2d 1300 (9th Cir. 1988), a matter concerning land development similar to Plaintiff's claim, the court stated:

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS  - 3

F \CLIENTS\09584\0002\P-CDM RESPONSE MOTION DISMISS doc

**OLES MORRISON RINKER & BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE  (206) 623-3427
FAX  (206) 682-6234

> [A]n act which applies generally to the community is a legislative one, while an act directed at one or few individuals is an executive one. (*Bateson*, 857 F 2d at 1304 (quoting *Cinevision Corp. v City of Burbank*, 745 F.2d 560, 579 (9th Cir. 1984)).
> (*Trevino* at 1482)

In *Bateson*, a developer of land in the City of Billings, Montana sent in a number of proposals to the city, the last of which was not approved because of an ongoing effort by the city council members to rezone the individual area. Bateson, the developer, sued all council members and the City of Billings under 42 USC 1983, alleging civil rights violations. As with Defendants here, the council members defended by claiming absolute immunity for legislative acts. The District Court allowed plaintiff's substantive due process claim while rejecting its procedural due process claim and inverse condemnation claim Concerning the distinction between an executive vs. legislative act, the court found that the council's acts were directed specifically and solely at a single individual (the plaintiff). Citing from Cinevision, supra, the court determined that because the council's acts affected the plaintiff specifically and not the community as a whole, the acts constituted executive as opposed to legislative acts. *Bateson* at 1304

Defendants rely almost exclusively on *Bogan v Scott-Harris*, 523 U.S. 44, 118 S Ct. 966, 140 L.Ed.2d 79 (1998) concerning absolute immunity arising out of "legislative-type decisions." *Bogan* is good law but does not answer the question as to whether or not any and/or all of the acts undertaken by the Defendants individually and/or collectively constitute legislative, executive or administrative acts or decisions. Instead, Defendants simply conclude "the claims and allegations set forth in Plaintiff's Complaint, even if true and proven, confirm that all the acts or omissions alleged against Defendants were purely legislative-type actions. . . ."

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS - 4

F \CLIENTS\09584\0002\P-CDM RESPONSE MOTION DISMISS doc

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE (206) 623-3427
FAX (206) 682-6234

Defendants' Motion at 4 Defendants broadly describe the acts concerning Plaintiff and the Town of LaConner's agreement, subsequent planning acts and subsequent decisions in broad, policy making/public interest words while carefully avoiding the undisputed truth that the "acts" affect at best only two properties and primarily only affect Plaintiff's property

In *Chateaubriand v. Gaspard*, 97 F.3d 1218, 1220 (9th Cir. 1996), the Ninth Circuit again confirmed that "the Supreme Court ' has generally been quite sparing in its recognition of claims to absolute official immunity.'" (Citations omitted). *Chateaubriand* at 1220 The court looked at two primary factors in determining whether or not the act was legislative in nature, as follows:

> First, does the act involve ad hoc decision making, or the formulation of policy? Second, does the act apply to a few individuals or to the public at large? (Citations omitted) *Chateaubriand* at 1220.

As set forth in Plaintiff's Complaint, the nature of Plaintiff's claim against the individual defendants is that they acted adversely to Plaintiff's Constitutional interests in an ad hoc manner, the exact opposite of what normal "policy making" decisions would follow The written settlement agreement between the Town of LaConner and Plaintiff required and committed the Town to a reasonable policy making procedure; the individual Defendants acted to subvert the process and outcome in what can only be called an "ad hoc" manner by changing the process, delaying the process, hiring then firing consultants, acting to restrict public comment, acting to deny the presentation of the Planning Commission's reports and recommendations, and ultimately ignoring the unequivocal results of the process and recommendations to impose an ad hoc result which affects only two properties.

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS  - 5

F\CLIENTS\09584\0002\P-CDM RESPONSE MOTION DISMISS doc

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE (206) 623-3427
FAX (206) 682-6234

Under Defendants' theory of absolute immunity and definition of legislative acts, individuals on the Town Council acting with clear and admitted avarice could impose development moratoriums and/or rezones or down-zones on individual parcels of land within their jurisdiction with absolute immunity. As set forth above, the law does not recognize such absolute immunity if one or a few individuals are affected as compared to the public or citizenry at large

As set forth in ¶ 30 of Plaintiff's Complaint, in the July 1998 settlement agreement between Plaintiff and the Town of LaConner, they agreed to "engage in a planning effort to explore alternate developments and available grants that might be available for development of the shorelands and tidelands." The tidelands adjacent to the Plaintiff's property have been under a long-term lease by Plaintiff from the DNR, and provides the primary access for current and potential future developments on Plaintiff's property with shoreline jurisdiction to the Swinomish Slough. During fall of 2000, Plaintiff prepared a design for a pier to be constructed in the leased tidelands area to continue to service Plaintiff's properties. The Town of LaConner, through the shorelines substantial development permit process, approved the permit application. Subsequently, Plaintiff submitted an application to the Washington State Department of Natural Resources to renew it's lease based upon the approval of the shoreline permit by the Town of LaConner. As set forth in Plaintiff's Complaint, during early 2001, the Town of LaConner submitted a competing lease application for the DNR lease area to the DNR without any specific plans for development.

Subsequent to Defendants' Answer to Plaintiff's Complaint, the Town of LaConner proceeded with a specific shoreline substantial development permit application for the construction of a pier on the same land, in direct competition with

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS - 6

F \CLIENTS\09584\0002\P-CDM RESPONSE MOTION DISMISS doc

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE (206) 623-3427
FAX (206) 682-6234

Plaintiff's approved permit and pending lease application. As set forth in the Declaration of V. Jolley, if approved (which means the rejection of Plaintiff's lease application), the Town's shoreline permit and lease application further prohibit any continuing shoreline use of Plaintiff's property and/or any future redevelopment, even within the restrictions of the proposed new zoning restrictions.

The current Mayor and Town Council members are responsible for the executive decisions to prepare and submit the shoreline application and to pursue the competing lease application, as set forth in Plaintiff's Motion, page 12, line 11, page 18, "Leasing or Purchasing Real Property."

These acts, standing alone, constitute violations of 42 U.S.C. 1983 on the part of the Town Mayor and members of the Town Council. Under the above guidelines to determine whether or not an act is legislative or executive in nature, clearly these acts are not legislative. These acts directly compete with and harm Plaintiff alone and do not constitute any sort of "public policy" on behalf of the citizens generally.

Defendants argument that these acts are legislative in nature because they benefit the community as a whole was rejected by the court in *Trevino, supra*. Looking to the nature of the act, the Ninth Circuit stated:

> We reject this argument. It fails to address the nature of the specific decisions made by council members pursuant to § 825(b). Although council members must consider whether payment of a judgment 'would be in the best interests of the public entity,' (citation omitted) this does not mean decisions made pursuant to this section are general policy decrees.
>
> Every decision by a local legislator can be described as one made in the best interests of the public. . . . *Trevino* at 1483.

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS   - 7

F:\CLIENTS\09584\0002\P-CDM RESPONSE MOTION DISMISS doc

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE (206) 623-3427
FAX (206) 682-6234

Proposing a public dock on leased DNR land immediately adjacent to Plaintiff's property, in competition with Plaintiff's shoreline permit and proposed lease, directly damages only Plaintiff and is not the sort of broad policy decision affecting the community at large for which legislative immunity can be granted.

## CONCLUSION

Plaintiff and the Town of LaConner entered into an agreement which directly and significantly affected Plaintiff's rights concerning the use of its real property. That agreement has been breached by the Town, through the wrongful acts of the individual named Defendants acting in their executive and administrative roles as Mayor(s) and Town Council members. The individual Defendants claim both absolute immunity and other defenses, justifying a claim by Plaintiff against the Town of LaConner with the expectation that the Town will be added as an additional defendant once statutory claim limits have been fulfilled. The individual Defendants are entitled to claim indemnity from the Town and to demand a defense, to the extent they believe they were acting in good faith and/or within their legislative authority.

With respect to Defendants' Motion to Dismiss based upon a claim of absolute legislative immunity, the allegations of the Complaint and the additional facts set forth in the Declaration of Vaughn Jolley show that the individual Defendants committed many acts, individually and collectively, under color of law which violated the Plaintiff's Constitutional rights. The acts were and are not legislative in nature. Even with respect to the zoning changes, those changes are not of general policy making but instead only apply to one, or at most two separate properties. Defendants' 12(b)(6) Motion must be denied.

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS - 8

F:\CLIENTS\09584\0002\P-CDM RESPONSE MOTION DISMISS doc

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE (206) 623-3427
FAX (206) 682-6234

1  To the extent this Court is not satisfied that the alleged individual acts of each
2  individual named Defendant constitutes sufficient evidence of executive and/or
3  administrative acts that violated Plaintiff's Constitutional rights, Plaintiff is prepared
4  to and requests a ruling from the Court allowing for the filing and service of an
5  Amended Complaint which will set forth in particular detail individual motions, votes,
6  approvals, and executive directions and decisions by each individual Defendant to
7  further establish the individual Defendants' wrongful conduct as it applies to
8  Plaintiff's real property

9  Respectfully submitted this 25th day of June, 2001.

OLES MORRISON RINKER & BAKER LLP

By _____
Craig D. Magnusson, WSBA 12733
Attorneys for Plaintiff

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS  - 9

F \CLIENTS\09584\0002\P-CDM RESPONSE MOTION DISMISS doc

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE (206) 623-3427
FAX (206) 682-6234