

JUL 30 2001

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LA CONNER ASSOCIATES, L.L.C. a
Washington Limited Liability Company,

        Plaintiff,

v.

ERON BERG; DAN O'DONNELL; MARY
LAM; JOAN CROSS; and JOHN STEVENS, as
individuals,

        Defendants.

No. C01-0225 P

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

This matter came before the Court on defendants' Motion to Dismiss pursuant to Federal
Rule of Civil Procedure 12. Having considered the exhibits and declarations filed herein, the Court
GRANTS defendants' motion as it applies to the five individually-named defendants. Defendants'
subsequent Motion to Strike Plaintiff's Response as untimely is therefore DENIED as moot.
Furthermore, Plaintiff's Motion to Extend Time to Add Additional Parties is hereby GRANTED.
Plaintiff shall have 30 days in which to amend its complaint.

## I. **Factual and Procedural History**

Defendant Berg (Mayor of LaConner), Defendant O'Donnell (member of LaConner town
counsel), Defendant Lam (member of LaConner town counsel), Defendant Cross (member of
LaConner town counsel), and Defendant Stevens (member of LaConner town counsel) all currently
serve in local legislative positions that fall under absolute immunity protection. See Bogan v. Scott-

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS -1



1  Harris, 523 U.S. 44 (1998). Therefore, the only question is whether the defendant's activities

2  surrounding LaConner Associates' "Moore-Clark" property fall "within the sphere of legislative

3  activity." Id. at 54-56.

4      LaConner Associates' complaint alleges that each of the individually-named defendants

5  engaged in one or more of the following activities in conjunction with the "Moore-Clark" property:

6  (1) drafting, revising, or voting for or against town ordinances; (2) drafting, revising, or voting for or

7  against the town's "Comprehensive Plan" pursuant to the Washington Growth Management Act; (3)

8  speaking for or against a "Comprehensive Plan" for the town; (4) drafting, amending, or voting for or

9  against zoning code provisions; (5) drafting, amending, or voting for or against shoreline regulations

10  authorized under the Shoreline Management Act; (6) discussing, debating or lobbying for policy

11  changes to the "Comprehensive Plan," shoreline regulations, zoning codes, or municipal ordinances;

12  (7) voting for, adopting or approving a moratorium on development in the town; and (8) applying for

13  the lease of property on behalf of the town. Plaintiff's Complaint, ¶¶ 10-43.

14                              **II.  Legal Standard**

15      Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of claims which "fail to state

16  a claim upon which relief can be granted." Under Rule 12(b)(6), review is limited to the contents of

17  plaintiff's complaint. See Enesco Corp. v. Price/Costco, Inc., 146 F.3d 1083, 1085 (9th Cir. 1998).

18  All allegations of material fact are taken as true and construed in the light most favorable to the

19  nonmoving party. Id. The court need not, however, accept as true allegations that contradict matters

20  properly subject to judicial notice or by exhibit. See Mullis v. United States Bankr. Ct., 828 F.2d

21  1385, 1388 (9th Cir. 1987). Nor is the court required to accept as true allegations that are merely

22  conclusory, unwarranted deductions of fact, or unreasonable inferences. See Clegg v. Cult

23  Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). A complaint should not be dismissed

24  unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that

25  would entitle the plaintiff to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).

26

Local legislators are entitled to the same absolute immunity from civil liability under § 1983 for their legislative activities as has long been accorded to federal, state, and regional legislators. See Tenney v. Brandhove, 341 U.S. 367, 372 (1951). Such immunity finds pervasive support not only in common law cases and older treatises, but also in reason. Id. at 376. The rationales for according absolute immunity to federal, state, and regional legislators apply with equal force to local legislators. Regardless of the level of government, the exercise of legislative discretion should not be inhibited by judicial interference or distorted by the fear of personal liability. Id. at 377. Furthermore, the time and energy required to defend against a lawsuit are of particular concern at the local level, where the part-time citizen-legislator remains commonplace. Id. The threat of liability may significantly deter service in local government, where prestige and pecuniary rewards may pale in comparison to the threat of civil liability. See Harlow v. Fitzgerald, 457 U.S. 800, 827 (1982). Moreover, certain deterrents to legislative abuse may be greater at the local level than at other levels of government, including the availability of municipal liability for constitutional violations. See Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 405, n. 29 (1979). Indeed, any argument that the rationale for absolute immunity does not extend to local legislators is foreclosed by Lake Country Estates. Id. at 401-402.

### III. Analysis

In Bogan v. Scott-Harris, 523 U.S. 44 (1998), the former director of the Massachusetts Department of Health and Human Services brought a civil rights action pursuant to 42 U.S.C. § 1983 against the City of Fall River and various City officials. The complaint alleged that the City's passage of an ordinance eliminating the director's position was motivated by racial animus and a desire to retaliate against her for exercising her First Amendment rights in filing a complaint against another City employee. Although concluding that City officials have absolute immunity from civil liability for damages arising out of their performance of legitimate legislative activities, the First Circuit held that their conduct in introducing, voting for, and signing the ordinance eliminating respondent's office was not "legislative." See Scott-Harris v. City of Fall River, 134 F.3d 427

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS -3

(1997). On certiorari, the Supreme Court reversed the judgments against the individual City defendants and held that local legislators are absolutely immune from a suit for damages under § 1983 for their legislative activities. Bogan, 523 U.S. at 46. The Court concluded that absolute immunity attaches to all actions of local officials taken "within the sphere of legislative activity," and that voting for or against ordinances, making budgetary decisions, and signing ordinances into law are broadly construed legislative acts for which absolute immunity applies. Id. at 54-56.

The Ninth Circuit determines whether an act is "legislative" by considering two questions: (1) whether the act involves "ad hoc decision-making, or the formulation of policy;" and (2) whether the act applies "to a few individuals, or to the public at large." San Pedro Hotel Co., Inc. v. City of Los Angeles, 159 F.3d 470, 476 (9th Cir. 1998) (quoting Chappell v. Robbins, 73 F.3d 918, 920 (9th Cir. 1996)). In San Pedro Hotel, the court held that a City councilman is entitled to absolute immunity for voting or persuading his colleagues to vote one way or another on approval of a loan to build a low income housing project. Id. In reaching this decision the court noted, "[a] legislator's decision can almost always be criticized for not funding some group. This is precisely the type of decision for which a legislator must be given immunity. . . to hold otherwise would expose virtually every municipal funding decision to judicial review." Id. See also Gravel v. United States, 408 U.S. 606, 625 (1972) (holding that legislators are entitled to immunity when they take actions that are "an integral part of the deliberative and communicative process by which [legislators] participate in. . . proceedings with respect to the consideration and passage or rejection of proposed legislation.").

Based on the allegations contained solely in plaintiff's complaint, there is no set of facts which would entitle plaintiff to any relief sought in this 42 U.S.C. § 1983 action as against the five individually-named defendants. All of the defendant's were acting in their legislative capacity and were making discretionary decisions for which common law immunity applies. Each one of their activities involved the "formulation of policy" and applied to the "public at large." Chappell, 73 F.3d at 920. Therefore, the activities conducted by the five individually-named defendants satisfy

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS -4

Chappell's two-part test for legitimate legislative activity and Bogan's absolute immunity standard applies to each defendant.

## IV.  Conclusion

IT IS HEREBY ORDERED that defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED as to the five individually-named defendants.  Defendants' subsequent Motion to Strike Plaintiff's Response is therefore DENIED as moot.  Plaintiff's Motion to Extend Time to Add Additional Parties is GRANTED and Plaintiff shall have until August 25, 2001, in which to amend its complaint.

The Clerk is directed to send copies of this order to all counsel of record.

Dated this **30** day of _July_ , 2001.

_Marsha J. Pechman_
Marsha J. Pechman
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS -5